IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § CASE NUMBER 1:20-CR-00049-3-TH |
| v. | § |
| | § |
| | § |
| JESUS GOMEZ | § |
| | § |

**REPORT AND RECOMMENDATION ON**
**DEFENDANT'S OPPOSED MOTION TO DISMISS INDICTMENT**

Pending is Defendant's *Opposed Motion to Dismiss Indictment*. (Doc. No. 123.) This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59. The Government filed a response arguing against dismissal. (Doc. No. 133.) Having considered the pending motion, the Government's response, the record, and the applicable law, the undersigned recommends denying the Defendant's motion.

**I. BACKGROUND**

On June 3, 2020, the Grand Jury indicted the Defendant, Jesus Gomez ("Gomez"), on two counts: 1) Conspiracy to Possess with the Intent to Distribute and Distribution of a Controlled Substance (Cocaine HCL and Fentanyl); and 2) Conspiracy to Launder Monetary Instruments. (Doc. No. 2.) An arrest warrant was issued the following day, and Gomez was finally arrested on November 2, 2020, in the Southern District of Texas, Laredo Division. (Doc. No. 10.)

1

United States Magistrate Judge Diana Song Quiroga held an initial appearance hearing on the day of his arrest in Laredo by zoom video conferencing. (Doc. No. 83.) On November 6, 2020, Gomez again appeared by video before Judge Quiroga for an identity and detention hearing during which he waived his identity hearing and requested to have his detention hearing in the Eastern District of Texas upon transfer. (*Id.*) Judge Quiroga then signed an order committing him to the Eastern District of Texas, Beaumont Division. (*Id.*)

The clerk in the Eastern District docketed Gomez's Rule 5(c)(3) documents received from the Southern District of Texas, Laredo Division on November 30, 2020. (Doc. No. 83.) Based upon information received from the parties, Gomez arrived in Beaumont at the LaSalle Jail facility on December 10, 2020. While not entirely clear, due to a change in software used by the United States Marshal's Service, the court was not made aware of Gomez's arrival in this District until May 27, 2021. At that time, the undersigned appointed Gomez an attorney and set the case for an arraignment on June 1, 2021. At that hearing, Gomez pled not guilty and consented to detention.

There are multiple defendants in this case, and the court has granted several continuances. Trial is currently set for September 20, 2021. (Doc. Nos. 81, 86, 98, 101, 108, 113, 121, 132, 134, 138.)

## II. ANALYSIS

**A. Speedy Trial Act**

1. General Provision

The Speedy Trial Act , 18 U.S.C. §§ 3161–3174, requires that a defendant be brought to trial "'within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in

which such charge is pending, whichever date last occurs.'" *United States v. Bieganowski*, 313 F.3d 264, 281 (5th Cir. 2002) (quoting 18 U.S.C. § 3161(c)(1)). The Act, however, includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start. *Zedner v. United States*, 547 U.S. 489, 497 (2006) (citing 18 U.S.C. § 3161(h)). If a defendant is not brought to trial within seventy non-excludable days, the indictment must be dismissed. 18 U.S.C. § 3162(a)(2).

The plain reading of the statute states that the clock does not start for the Speedy Trial Act until the latter of the indictment filing date or the date the defendant appears before a judicial officer *of the court in which such charge is pending*. 18 U.S.C. § 3161(c)(1). The indictment was filed on June 3, 2020, and Gomez first appeared in court in the Eastern District of Texas where his charges are pending on June 1, 2021. Consequently, the start date for the Act in this case is June 1, 2021. *Id.*; *United States v. Garcia*, 995 F.2d 556, 559 (5th Cir. 1993) (when an indictment precedes an arrest, the first appearance before a judicial officer of the court in which the indictment has been filed is the triggering event and the time between arrest and his arraignment should be excluded in computing the seventy-day period); *see also United States v. Lopez-Valenzuela*, 511 F.3d 487, 490-491 (5th Cir. 2007) (post-indictment appearance need not be an "arraignment" to act as the start date for the speedy trial act but it must be the first appearance in the charging district); *United States v. Mendez, No.* 3:07-CR-492-HZ, 2012 WL 3061899, at *4 (D. Or. July 26, 2012), *aff'd*, 583 F. App'x 706 (9th Cir. 2014) (finding the speedy trial clock did not start until the defendant appeared in the charging district of Oregon even if he was *arraigned* in another district in Washington); *United States v. Grimes*, No. CR 11-50029-JLV, 2011 WL 3422801, at *4–5 (D. S.D. Aug. 4, 2011) (holding guidelines interpreting the Speedy Trial act support a finding that the seventy-day period does not start until the

3

defendant is transferred and appears in the *charging district*); *United States v. O'Bryant*, 775 F.2d 1528 (11th Cir. 1985) (seventy-day speedy trial timeframe did not start until the defendant was transferred from Maryland and appeared in the charging district of Florida).

Therefore, seventy days from June 1, 2021, would expire on August 10, 2021, if no exceptions are taken into account.

### 2. Continuances of Trial as an Excludable Delay

Although Gomez's period would seem to expire on August 10, 2021, there are several excludable delays under the Speedy Trial Act during this timeframe. One such excludable delay is "any period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Section 3161(h) also excludes a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom time has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Thus, "the Act excludes from the calculation of the seventy-day limit any delay resulting from the proper grant of a continuance requested by a codefendant." *Bieganowski*, 313 F.3d at 281. Any delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on such motion is excludable under 18 U.S.C. § 3161(h)(1)(D) for purposes of the Speedy Trial Act. *See United States v. Harris*, 566 F.3d 422, 428-29 (5th Cir. 2009). Further, "the excludable delay of one defendant may be attributed to all defendants." *United States v. Bermea*, 30 F.3d 1539, 1567 (5th Cir. 1994); *see also United States v. Franklin*, 148 F.3d 451, 455 (5th Cir. 1998) ("[T]he excludable delay incurred as a result of one codefendant's motion practice applies to the speedy trial time computation of all codefendants."). Therefore,

all defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant. *Id.*

In this case, several motions for continuance have been filed by co-defendants. (Doc. Nos. 81, 86, 98, 101, 108, 113, 121, 132, 134.) The court granted a continuance for Jorge Sayon on November 10, 2020, resetting trial until December 21, 2020, finding that not granting a continuance would result in a miscarriage of justice and would deny counsel for the defense reasonable time to effectively prepare for trial. (Doc. No. 81.) On February 11, 2021, the court granted a continuance for Noelia Munoz (arraigned on December 17, 2020) resetting trial until March 15, 2021, for the same reasons as the previous continuance. (Doc. No. 98.)

On March 4, 2021, the court granted another continuance filed by Munoz resetting trial until April 19, 2021, with respect to all defendants for the same reasons as the previous continuance. (Doc. No. 101.) On April 8, 2021, the court granted another continuance request by Munoz resetting trial until May 17, 2021, as to defendants Munoz, Sayon and Rosales. (Doc. No. 108.) On May 12, 2021, the court continued the case until June 21, 2021, once again excluding the period of delay resulting from the continuance from the computation of time under the Speedy Trial Act as to all defendants. (Doc. No. 113.)

Shortly thereafter, as noted above, Gomez was appointed counsel in May then arraigned on June 1, 2021, in the Eastern District of Texas. On June 17, 2021, the court granted another continuance after a request was made by Sayon resetting the case as to all defendants until July 19, 2021. (Doc. No. 121.) The court also issued a notice on June 24, 2021, setting trial for July 19, 2021, for Sayon, Rosales, Munoz and Gomez. (Doc. No. 122.) Gomez filed his motion to dismiss, the subject of this report and recommendation, on June 30, 2021. (Doc. No. 123.)

On July 15, 2021, the court granted Rosales' request for continuance resetting trial until August 16, 2021, as to Sayon, Rosales, Gomez, and Munoz. (Doc. No. 134.) Finally, on August 9, 2021, Gomez filed a motion for continuance to reset the trial date, which the court granted on August 11, 2021, resetting the trial for September 20, 2021. (Doc. Nos. 136, 138.)

A continuance must be made on the basis of a judge's findings that the ends of justice served by continuing the case outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The statute provides a non-exclusive list of factors courts consider, including the complexity of the case, the number of the defendants, the time needed to prepare for trial, and whether a continuation is necessary to avoid a "miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B). Judge Heartfield considered these factors and made the necessary findings in each order of continuance. The period of delay resulting from an ends-of-justice continuance granted as to one defendant tolls the Act with respect to all co-defendants. *See United States v. Westbrook*, 119 F.3d 1176, 1186 (5th Cir. 1997). "[T]he excludable delay incurred as a result of one [co-defendant's] motion practice applies to the speedy trial computation of all [co-defendants]." *United States v. Franklin*, 148 F.3d 451, 455 (5th Cir. 1998). Moreover, Gomez does not argue that these continuances were unjustified. Consequently, all of the periods of delay set forth above in continuing trial for each co-defendant should be excluded from the computation of time within which trial must commence pursuant to the Speedy Trial Act for all defendants, including Gomez. Thus, no violation of the Act has occurred.

### 3. 18 U.S.C. § 3161(j) of the Speedy Trial Act

Gomez also argues in his motion that the indictment should be dismissed for a violation of 3161(j) of the Speedy Trial Act. That section states that if the Government knows that a

person charged with an offense is a "prisoner" serving a term of imprisonment in any penal institution, it shall obtain his presence for trial or file a detainer advising the prisoner of his right to demand trial. This section of the Speedy Trial Act applies to prisoners who are serving a term of imprisonment on charges separate from the instant federal offense that would invoke their right to a speedy trial.[1] In this case, Gomez was being held for the instant charges—not a separate charge or conviction.

Moreover, 18 U.S.C. § 3162 provides the sanctions for Speedy Trial Act violations, and it addresses the dismissal sanction only in the event of violation of the thirty-day time limit for the bringing of an indictment, 18 U.S.C. § 3161(b), or violation of the seventy-day time limit for the commencement of trial, 18 U.S.C. § 3161(c)(1). *United States v. Anderton*, 752 F.2d 1005, 1008 (5th Cir. 1985). It does not provide for dismissal in the event of a violation of § 3161(j). *Id.* Under 18 U.S.C. § 3162(b)(4), the following remedies may be the only remedies available for violations of section 3161(j): (1) a fine of up to $250 on the attorney for the government; (2) prohibiting the attorney for the government from practicing before the district court for up to ninety days; and (3) filing a report with the appropriate disciplinary committee. *United States v. Smith,* 997 F.2d 881 (5th Cir. 1993). In addition, the Ninth Circuit, Seventh Circuit, and Tenth Circuit, have all expressly held that dismissal of the indictment is not a remedy for a violation of § 3161(j). *See, e.g., United States v. Valentine*, 783 F.2d 1413, 1415 (9th Cir. 1986); *United States v. Torres–Centeno*, 211 F.3d 1279 (10th Cir. 2000); *United States v. Dawn*, 900 F.2d 1132 (7th Cir. 1990).

---

[1] "In endorsing the statute, the Senate Judiciary Committee described it as setting forth 'what is expected of the attorney for the Government when he becomes aware of the fact that the defendant against whom charges have been filed is already imprisoned.' S.Rep.No.93-1021, 93rd Cong., 2d Sess., reprinted in, (1974) U.S. CODE CONG. & AD. NEWS 7401, 7428. Though this language indicates that Congress intended 3161(j)(1) to apply only when the government's attorney actually knows of a defendant's incarceration in another jurisdiction, we need not go so far as to find that only actual knowledge brings into play the requirements of 3161(j)(1)." *United States v. Hendricks*, 661 F.2d 38, 41 (5th Cir. 1981).

Consequently, Gomez's argument is unavailing as a basis to dismiss the indictment. Therefore, the court need not resolve whether there is a violation of section 3161(j), because the only remedy requested by defendant is dismissal of the indictment which is not allowed under the statute.

### B. Sixth Amendment Right to Speedy Trial

Gomez did not allege a violation of the Sixth Amendment in his motion to dismiss. However, the Government alleges in their response that Gomez would nonetheless fail in this argument as well because he has not shown any prejudice due to the delay in his arraignment.

The Sixth Amendment guarantees in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. CONST. AMEND. VI. The Sixth Amendment right attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences. *Garcia*, 995 F.2d at 560. Unlike the Speedy Trial Act, the constitutional right to a speedy trial cannot be "quantified into a specified number of days or months." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Therefore, courts must first establish whether the delay between arrest and trial was sufficiently lengthy to warrant a full analysis. *Doggett v. United States*, 505 U.S. 647, 651 (1992); *United States v. Frye*, 372 F.3d 729, 736–37 (5th Cir. 2004). This is a threshold inquiry done before considering further factors. *Id.* In general, a delay of at least one year is presumptively prejudicial and will trigger a full analysis. *Frye*, 372 F.3d at 737; *Knox v. Johnson*, 224 F.3d 470, 477 (5th Cir. 2000). In this case, Gomez was indicted on June 3, 2020, and trial is currently set for August 16, 2021. Therefore, this case meets the threshold inquiry of at least a one-year delay and triggers a multi-factor anyalysis.

In *Barker*, the Supreme Court established a four-factor test for determining whether a defendant has been denied the constitutionally guaranteed right to a speedy trial. *Barker*, 407 U.S. at 530-532. The Court held that the following factors must be considered: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Id.* These factors are related and must be considered together with any other relevant circumstances. *Id*. at 533. "Prejudice may be presumed where the first three factors weigh heavily in the defendant's favor." *United States v. Parker*, 505 F.3d 323, 328 (5th Cir. 2007) (quoting *United States v. Hernandez*, 457 F.3d 416, 421 (5th Cir. 2006)). If these first three factors do not weigh in the defendant's favor, actual prejudice must be shown. *Frye,* 372 F.3d at 736.

In this case, the first factor—length of delay—is a little over a year, which barely qualifies for a review of the remaining factors. *See United States v. Frye*, 372 F.3d 729, 737 (5th Cir. 2004) (approximately 16 months was long enough to prompt a full *Barker*-analysis but not long enough to weigh heavily in favor of presuming prejudice); *United States v. Harden*, No. 4:11CR127, 2012 WL 5354546, at *4 (E.D. Tex. Aug. 16, 2012), *rep. and recomm. adopted*, 2012 WL 5354558 (E.D. Tex. Oct. 29, 2012) (delay of approximately one and a half years does not weigh in Defendant's favor). Most courts have generally found presumed prejudice only in cases in which there is at least a 5-year post-indictment delay. *See United States v. Serna-Villarreal*, 352 F.3d 225, 230 (5th Cir. 2003) (citing cases).

The second factor considers the reason for delay. If the government "acts in bad faith, intentionally holding up prosecution for the purpose of prejudicing the defendant," this factor will strongly cut in favor of the defendant. *Hernandez,* 457 F.3d at 421. However, negligence by the government weighs less heavily against it, although "the weight assigned to [negligent

9

delay] increases as the length of the delay increases." *Serna–Villareal,* 352 F.3d at 232. In this case, there is no evidence that the Government acted in bad faith. The government claims the U.S. Marshal's office changed their software program requiring use of an internal form, which they inadvertently failed to enter. Gomez argues that the Government should have known of his arrival in the district, regardless of this error by the Marshal's office, due to receipt of the Rule 5(3) documents on November 30, 2020, and entry on the docket showing same. Although the Order of Commitment to transfer Gomez to the Eastern District of Texas was signed on November 6, 2020, he did not arrive in this district until December 10, 2020. Further, the Government asserts that it was not aware of his presence until a notice of his arraignment was entered on the docket on May 27, 2021.

In a similar case, *United States v. Crawley*, a defendant was transferred from another district on December 3, 2014, and the Marshal's office notified the Government on December 22, 2014. *United States v. Crawley*, No. 1:14-CR-197-1, 2015 WL 2248174, at *1 (M.D. N.C. May 13, 2015). However, due to a communication error between the Government and the clerk's office, the defendant was not put on the court's calendar until March 19, 2015. *Id.* The court found that while additional precautions need to be implemented between the U.S. Attorney's office and the clerk's office, there was no intent by the Government to delay the prosecution of his case. *Id.* at *3. Therefore, this delay is based upon a neutral reason as opposed to a valid or improper reason for delay, and the factor did not weigh in favor of the defendant. *Id.*

With regard to the third factor, assertion of the right to a speedy trial, Gomez first asserted this right in his motion to dismiss under consideration in this report. Although this factor weighs in his favor, it is not alone sufficient to establish a presumption of prejudice. In

addition, Gomez just requested a continuance of his trial date, which was granted resetting the case for trial on September 20, 2021.

Because the first three *Barker* factors do not weigh heavily in Gomez's favor to support a presumption of prejudice, this court finds that prejudice should not be presumed. Therefore, Gomez must show actual prejudice, which he cannot do.

"'Actual prejudice' is assessed in light of the three following interests of the defendant: (1) 'to prevent oppressive pretrial incarceration'; (2) 'to minimize anxiety and concern of the accused'; and (3) 'to limit the possibility that the defense will be impaired.'" *Harris*, 566 F.3d at 433. In this case, Gomez consented to detention in the Southern District of Texas pending his transfer and spent six months in jail prior to his assertion of his right to a speedy trial. After his arraignment in this District, he also consented to pre-trial detention. These facts do not amount to "oppressive pretrial incarceration" and therefore no actual prejudice exists under this factor. For the second interest, Gomez has failed to show any more than "the normal anxiety that courts have rejected as grounds for establishing a speedy trial violation." *Newton*, No. 3:09-CR-103, 2010 WL 769507, at *3 (N. D. Tex. March 8, 2010). Lastly, Gomez contends that he is prejudiced because he missed opportunities that may have been afforded to him by the Government but instead were given to co-defendants. This blanket statement does not demonstrate with any detail how he has been actually prejudiced in the defense of his case, and, at the very least, is speculative.

In conclusion, the undersigned finds that Defendant's Sixth Amendment right to a speedy trial was not violated.

### III. RECOMMENDATION

Waiting six months in pre-trial detention in this District before appearing before the court is inexcusable and regrettable. The undersigned has personally spoken to the Chief Deputy U.S. Marshal of this Division to insure this does not happen in the future. Nevertheless, Gomez has failed to meet the very high burden for dismissal pursuant to the Speedy Trial Act or the Sixth Amendment right to a speedy trial. It is therefore the recommendation of the undersigned that the Defendant's O*pposed Motion for Dismissal of the Indictment* be DENIED.

### IV. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(b). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such

findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 13th day of August, 2021.

_____
Zack Hawthorn
United States Magistrate Judge